Leonard A. Bellavia, Esq. (lbellavia@dealerlaw.com)
Steven H. Blatt, Esq. (sblatt@dealerlaw.com)
**Bellavia Blatt & Crossett, PC**
200 Old Country Road
Suite 400
Mineola, NY 11501
(516) 873-3000

Attorneys for Plaintiffs

15 CV 1742

JUDGE CASTEL

RECEIVED
MAR 09 2015
U.S.D.C. S.D. N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Dependable Sales and Service, Inc., Drew Ford, Port Jeff Chrysler Jeep, Inc., Allen Gwynn Chevrolet Inc., Beaver Motors Inc., d/b/a Beaver Toyota of Saint Augustine, Key Chrysler Jeep & Dodge, Inc., Beaver Motors Inc. d/b/a Beaver Toyota of Santa Fe, Westbury Jeep Chrysler Dodge, Inc., Rafferty Subaru, Inc., Valley Motors, Inc., Catanese Volkswagen, Inc. d/b/a Volkswagen of Salem County, TTV Motors, Inc. d/b/a Bill Kidd's Toyota Volvo Scion, Arnold Chevrolet, LLC, Bellavia Buick, Inc., World Auto Group, Inc. d/b/a Autoworld Kia, Paul Miller, Inc. d/b/a Paul Miller Audi, Paul Miller Performance, L.L.C. d/b/a Paul Miller BMW, Paul Miller GT, Inc. d/b/a Paul Miller Rolls-Royce, Paul Miller Sportscars, Inc. d/b/a Paul Miller Porsche, G.S. Autoplex, LLC d/b/a Garden State Honda, L & S Motors Inc. d/b/a Huntington Honda, Westchester Autoplex, Inc. d/b/a Honda of New Rochelle, D.L. New Rochelle Auto Sales, LLC d/b/a Mazda of New Rochelle, N.R. Automotive, Inc. d/b/a New Rochelle Toyota, Haldeman Ford of Kutztown, Inc., Hoover Chrysler Jeep Dodge Ram, Genesee Valley Motors, Inc., Genesee Valley Ford LLC, Tustin Buick GMC, Inc., Sam Boswell Motors, Inc. d/b/a Sam Boswell Honda, Cascade Auto Group, Salerno Duane, Inc., Freehold Automotive Limited, Inc. d/b/a Freedom Hyundai, Freehold Chrysler Jeep, Inc. d/b/a Freehold Chrysler Jeep, Tenafly Kia, Park Ford of Mahopac Inc., Cobb Auto Sales, Inc., d/b/a C&C Toyota, Cobb Auto Sales, Inc. d/b/a C&C Dodge, Hoffman Ford, Inc. d/b/a Hoffman Audi, Hoffman of Hartford,

Case No.:

Inc. d/b/a Hoffman Lexus, Hoffman Motors of New London Inc. d/b/a New London Audi, Hoffman of Simsbury, Inc., d/b/a Hoffman Honda, Hoffman of West Simsbury, Inc. d/b/a Hoffman Toyota, Hoffman Ford, Inc. d/b/a Hoffman Porsche, Infinity of Manhattan, Inc. d/b/a Infinity Manhattan, Manhattan Foreign Autos Inc. d/b/a Acura Manhattan, Bay Ridge Nissan, Inc. d/b/a Bay Ridge Nissan, Bay Ridge Luxury Automobile Inc. d/b/a Bay Ridge Lexus, Bay Ridge Foreign Auto Sales Corp d/b/a Audi Brooklyn, Nissan of Manhattan, Inc. d/b/a Nissan Manhattan, Manhattan Luxury Automobiles, Inc. d/b/a Lexus of Manhattan & Lexus of Queens, Route 22 Nissan, Inc. d/b/a Route 22 Nissan, Hudson Auto Sales, Inc. d/b/a Hudson Honda, Route 22 Automobiles, Inc. d/b/a Route 22 Honda, Hackettstown Auto Sales, Inc. d/b/a Hackettstown Honda, Route 22 Auto Sales, Inc. d/b/a 22 Toyota Scion, Hillside Automotive, Inc. d/b/a Route 22 Kia, Westchester Foreign Autos, Inc. d/b/a Westchester Toyota/Scion, Skyline Automobiles Inc. d/b/a Toyota & Scion of Manhattan, Fordham Auto Sales, Inc. d/b/a Fordham Toyota, Bay Ridge Motor Sales, Inc. d/b/a Bay Ridge Toyota Scion, Hoffman of East Hartford, Inc. d/b/a Hoffman Used Car Superstore, C.S.I. Motors, Inc. d/b/a Pueblo Dodge Chrysler Jeep Ram, Fitz Motors, Inc. d/b/a Pueblo Toyota, Sendell Motors, Inc., Biener Auto Group, Inc. d/b/a Biener Audi, Brentlinger Enterprises d/b/a MAG Audi, Brentlinger Enterprises d/b/a Bentley Columbus, Brentlinger Enterprises d/b/a Lamborghini Ohio, Brentlinger Enterprises d/b/a MAG BMW, Brentlinger Enterprises d/b/a MAG Mini, Brentlinger Enterprises d/b/a Ferrari, Brentlinger Enterprises d/b/a MAG Maserati, Brentlinger Enterprises d/b/a Land Rover Dublin, Brentlinger Enterprises d/b/a MAG Aston Martin, Brentlinger Enterprises d/b/a MAG Porsche, Brentlinger Enterprises d/b/a MAG Lotus, Brentlinger Enterprises d/b/a Rolls Royce Motor Cars, Jim Soutar Dodge City, Incorporated d/b/a Soutar's Chrysler Dodge Jeep, Jim Soutar Dodge City, Incorporated d/b/a Soutar's Toyota, Soutar's

d/b/a Soutar's Ford, Soutar's d/b/a Soutar's Nissan, Elk Grove Toyota, Wilson Imports, Inc. d/b/a Wilson Toyota, Wilson Imports, Inc. d/b/a Mercedes Benz of Bellingham, Simon Chevrolet-Buick, Ltd., Fitzgerald Motors, Inc. d/b/a Fitzgerald Auto Mall Countryside Subaru, Fitzgerald Motors, Inc. d/b/a Fitzgerald Auto Mall Countryside Hyundai, Fitzgerald Motors, Inc. d/b/a Fitzgerald Auto Mall Countryside North Chrysler Jeep, FOC, Inc. d/b/a Fitzgerald Auto Mall Annapolis West Street Mitsubishi, FOC, Inc. d/b/a Fitzgerald Auto Mall Annapolis West Street Mazda, FOC, Inc. d/b/a Fitzgerald Auto Mall Annapolis Hudson Street Cadillac, FOC, Inc. d/b/a Fitzgerald Auto Mall Annapolis Hudson Street Volkswagen, Fitzgerald Automall, Inc. d/b/a Fitzgerald Auto Mall Frederick Baughmans Lane Cadillac, Fitzgerald Automall, Inc. d/b/a Fitzgerald Auto Mall Frederick Baughmans Lane Mazda, Fitzgerald Automall, Inc. d/b/a Fitzgerald Auto Mall Frederick Baughmans Lane Chevrolet, Fitzgerald Automall, Inc. d/b/a Fitzgerald Auto Mall Frederick Baughmans Lane Volkswagen, Fitzgerald Lakeforest Motors, Inc. d.b.a Fitzgerald Auto Mall Lakeforest N. Frederick Ave Scion, Fitzgerald Lakeforest Motors, Inc. d/b/a Fitzgerald Auto Mall Lakeforest N. Frederick Ave Toyota, LFO, Inc. d/b/a Fitzgerald Auto Mall Lakeforest Russell Ave Hyundai, LFO, Inc. /b/a Fitzgerald Auto Mall Lakeforest Russell Ave Subaru, FALPM, Inc. Fitzgerald Auto Mall Lexington Park Chrysler Dodge Jeep Ram, CDOHY, Inc. d/b/a Fitzgerald Auto Mall White Flint Hyundai, FBI, Inc. d/b/a Fitzgerald Auto Mall White Flint Subaru, FBI, Inc. d/b/a Fitzgerald Auto Mall White Flint Nicholson Buick - GMC, Fitzgerald Motors, Inc. d/b/a Fitzgerald Auto Mall Chambersburg Nissan, Fitzgerald Motors, Inc. d/b/a Fitzgerald Auto Mall Chambersburg Toyota, Fitzgerald Motors, Inc. d/b/a Fitzgerald Auto Mall Chambersburg Scion, ADA Motors Inc. d/b/a Burien Toyota Scion, Burien Chevrolet, Inc., Garber Delray, Inc. d/b/a Delray Buick GMC, Garber Ft. Pierce, Inc., Garber CDJR, Inc. d/b/a Garber Chrysler Dodge Jeep Ram, Sunrise Chevrolet, Inc.,

Garber Buick-GMC Truck, Inc., Garber Chevrolet, Inc., Garber Doral, Inc. f/k/a Garber Buick-Pontiac-GMC, Inc.,

Plaintiffs,

vs.

TRUECAR, INC.,

Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs (referred to collectively as "Plaintiffs"), by their attorneys, Bellavia Blatt & Crossett, PC, for their Complaint, allege as follows:

## NATURE OF THE ACTION AND RELIEF SOUGHT

1. This is a civil action for false advertising and unfair competition under federal and state law against Defendant TrueCar, Inc. ("TrueCar"). TrueCar competes directly and indirectly against Plaintiffs in sales of new and used automobiles to consumers. Among other false statements, TrueCar's advertisements falsely claim that consumers using its services can purchase an automobile with no "haggling" and "no negotiation," and that TrueCar benefits consumers by "removing surprises at the dealership." However, TrueCar merely acts as a referral service that provides TrueCar-affiliated automobile dealerships with customer leads and contact information. Contrary to TrueCar's advertising claims, the consumer must negotiate, or "haggle," with TrueCar's affiliated dealers to complete the actual purchase. TrueCar's false advertising unlawfully diverts consumers away from Plaintiffs' automobile dealerships, which results in lost sales and harm to Plaintiffs' goodwill.

2. TrueCar's literally false or misleading advertisements deceive consumers into believing that they can purchase an automobile without price negotiations at a "guaranteed" low

price by simply logging on to TrueCar's website and printing or downloading a price certificate. In reality, consumers using TrueCar's services must negotiate with the TrueCar-affiliated dealers over price, features, and financing, just as they would need to do with any other non-affiliated dealer. Despite its advertising claims to the contrary, TrueCar does not "remove surprises" at the dealership. Instead, TrueCar's customers will be surprised to learn that, among other discrepancies, the promised vehicle may not be in stock, and may not be available at the advertised price or financing terms. TrueCar's false or misleading advertising includes: (a) false "no-haggle" claims; (b) bait-and-switch advertising; (c) false factory invoice claims; (d) false financing claims; (e) false transparency claims; and (f) false rebate claims.

3. TrueCar's advertising is causing serious and irreparable harm to Plaintiffs. It constitutes false advertising in violation of Section 43(a)(1)(B) of the Lanham Act (15 U.S.C. § 1125(a)(1)(B)); unfair competition in violation of New York common law; and violation of the New York Deceptive Acts and Practices Act (N.Y. Gen. Bus. Law §§ 349-350) and violation of the comparable unfair competition and deceptive acts and practices laws of the other states in which the advertising is disseminated.

4. If TrueCar's advertising is not immediately enjoined, Plaintiffs will continue to suffer irreparable harm in the marketplace. Plaintiffs have lost sales and have suffered injury to their goodwill and business reputation as a result of TrueCar's false advertising claims.

## THE PARTIES

5. Plaintiff Dependable Sales and Service, Inc. is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 1440 US 1, Vero Beach Florida 32960, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

6. Plaintiff Drew Ford is a corporation organized and existing under the laws of the State of California, with its principal place of business at 8970 La Mesa Boulevard, La Mesa, California 91942, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

7. Plaintiff Port Jeff Chrysler Jeep, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 5130 Nesconset Highway, Port Jefferson Station, New York, 11776, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

8. Plaintiff Allen Gwynn Chevrolet Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business at 1440 South Brand Boulevard, Glendale, California 91204, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

9. Plaintiff Beaver Motors Inc., d/b/a Beaver Toyota of Saint Augustine is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 2995 US Highway 1 South, St. Augustine, Florida 32086, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

10. Plaintiff Key Chrysler Jeep & Dodge, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2020 N. Detroit

Street, Xenia Ohio 45385, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

11. Plaintiff Beaver Motors, Inc. d/b/a Beaver Toyota of Sante Fe is a corporation organized and existing under the laws of the State of New Mexico, with its principal place of business at 1500 St. Michael's Drive, Sante Fe, New Mexico, 87505, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

12. Plaintiff Westbury Jeep Chrysler Dodge, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 100 Jericho Turnpike, Westbury, New York, 11753, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

13. Plaintiff Rafferty Subaru, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 4700 West Chester Pike, Newton Square, Pennsylvania 19073, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

14. Plaintiff Valley Motors, Inc. is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 9800 York Road, Cockeysville, Maryland 21030, engaged in the business of buying and selling autos and trucks. It

competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

15. Plaintiff Catanese Volkswagen, Inc. d/b/a Volkswagen of Salem County is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 815 Route 40, Monroeville, New Jersey 08343, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

16. Plaintiff TTV Motors, Inc. d/b/a Bill Kidd's Toyota Volvo Scion is a corporation organized and existing under the laws of the State of Maryland with its principal place of business located at 10401 York Road, Cockeysville, Maryland 21030, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

17. Plaintiff Arnold Chevrolet, LLC is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located at 670 Montauk Highway, West Babylon, New York 11704, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

18. Plaintiff Bellavia Buick, Inc. is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 199 New Jersey 17, East Rutherford, New Jersey 07073, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

19. Plaintiff World Auto Group, Inc. d/b/a Autoworld Kia is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 2520 Hempstead Turnpike, East Meadow, New York 11554, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

20. Plaintiff Paul Miller, Inc. is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 179 Route 46 East, Parsippany, New Jersey 07054, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

21. Plaintiff Paul Miller Performance, L.L.C., d/b/a Paul Miller BMW is a limited liability company organized and existing under the laws of the State of New Jersey with its principal place of business located at 1515 Route 23 South, Wayne, New Jersey 07470, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

22. Plaintiff Paul Miller GT, Inc. d/b/a/ Paul Miller Rolls-Royce is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 250 Route 46 West, Parsippany, New Jersey 07054, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

23. Plaintiff Paul Miller Rolls-Royce, Paul Miller Sportscars, Inc. d/b/a Paul Miller Porsche is a corporation organized and existing under the laws of the State of New Jersey

with its principal place of business located at 250 Route 46 West, Parsippany, New Jersey 07054, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

24. Plaintiff G.S. Autoplex, LLC d/b/a Garden State Honda is a limited liability company organized and existing under the laws of the State of New Jersey with its principal place of business located at 225 River Street, Passaic, New Jersey 07055, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

25. Plaintiff L & S Motors Inc. d/b/a Huntington Honda is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 1055 East Jericho Turnpike, Huntington, New York 11743, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

26. Plaintiff Westchester Autoplex, Inc. d/b/a Honda of New Rochelle is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 25 Main Street, New Rochelle, New York 10801, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

27. Plaintiff D.L. New Rochelle Auto Sales, LLC d/b/a Mazda of New Rochelle is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located at 149 Main Street, New Rochelle, New York 10801,

engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

28. Plaintiff N.R. Automotive, Inc. d/b/a New Rochelle Toyota is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 47 Cedar Street, New Rochelle, New York 10801, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

29. Plaintiff Haldeman Ford of Kutztown, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located at 2443 Lehigh Street, Allentown, Pennsylvania 18103, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

30. Plaintiff Hoover Chrysler Jeep Dodge Ram is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business located at 195 Mary Meed Drive, Summerville, South Carolina 29483, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

31. Plaintiff Genesee Valley Motors, Inc. is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 2695 Interstate Drive, Avon, New York 14414, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

32. Plaintiff Genesee Valley Ford LLC is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located at 2695 Interstate Drive, Avon, New York 14414, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

33. Plaintiff Tustin Buick GMC, Inc. is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1 Auto Center Drive, Tustin, California 92782, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

34. Plaintiff Sam Boswell Motors, Inc. d/b/a Sam Boswell Honda is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located at 611 Boll Weevil Circle, Enterprise, Georgia 36330, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

35. Plaintiff Cascade Auto Group is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 4146 State Road, Cuyahoga Falls, New York 44223, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

36. Plaintiff Salerno Duane, Inc. is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 267 Broad Street,

Summit, New Jersey 07901, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

37. Plaintiff Freehold Automotive Limited, Inc. d/b/a Freedom Hyundai is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 3478 Route 9 South, Freehold, New Jersey 07728, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

38. Plaintiff Freehold Chrysler Jeep, Inc. d/b/a Freehold Chrysler Jeep is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 4304 Route 9 South, Freehold, New Jersey 07728, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

39. Plaintiff Tenafly Kia is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 95 County Road, Tenafly, New Jersey 07670, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

40. Plaintiff Park Ford of Mahopac Inc. is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 276 Route 6, Mahopac, New York 10541, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

41. Plaintiff Cobb Auto Sales, Inc. d/b/a C&C Toyota is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 1305 Pike Street, Marietta, Ohio 45750, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

42. Plaintiff Cobb Auto Sales, Inc. d/b/a C&C Dodge is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 1305 Pike Street, Marietta, Ohio 45750, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

43. Plaintiff Hoffman Ford, Inc. d/b/a Hoffman Audi is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located at 700 Connecticut Boulevard, East Hartford, Connecticut 06108, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

44. Plaintiff Hoffman of Hartford, Inc. d/b/a Hoffman Lexus is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located at 750 Connecticut Boulevard, East Hartford, Connecticut 06108, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

45. Plaintiff Hoffman Motors of New London, Inc. d/b/a New London Audi is a corporation organized and existing under the laws of the State of Connecticut with its principal

place of business located at 490 Broad Street, New London, Connecticut 06320, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

46. Plaintiff Hoffman of Simsbury, Inc. d/b/a Hoffman Honda is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located at 40 Albany Turnpike, West Simsbury, Connecticut 06092, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

47. Plaintiff Hoffman of West Simsbury, Inc. d/b/a Hoffman Toyota is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located at 36 Albany Turnpike, West Simsbury, Connecticut 06092, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

48. Plaintiff Hoffman Ford, Inc. d/b/a Hoffman Porsche is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located at 630 Connecticut Boulevard, East Hartford, Connecticut 06108, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

49. Plaintiff Infinity of Manhattan, Inc. d/b/a Infinity Manhattan is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 646 11th Avenue, New York, New York 10019, engaged in the business of

buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

50. Plaintiff Manhattan Foreign Autos Inc. d/b/a Acura Manhattan is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 608 West 57th Street, New York, New York 10019, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

51. Plaintiff Bay Ridge Nissan, Inc. d/b/a Bay Ridge Nissan is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 6501 5th Avenue, Brooklyn, New York 11220, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

52. Plaintiff Bay Ridge Luxury Automobile Inc. d/b/a Bay Ridge Lexus is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 6502 5th Avenue, Brooklyn, New York 11220, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

53. Plaintiff Bay Ridge Foreign Auto Sales Corp. d/b/a Audi Brooklyn is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 665 65th Street, Brooklyn, New York 11230, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

54. Plaintiff Nissan of Manhattan, Inc. d/b/a Nissan Manhattan is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 662 11th Avenue, New York, New York 10036, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

55. Plaintiff Manhattan Luxury Automobiles, Inc. d/b/a Lexus of Manhattan & Lexus of Queens is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 829 11th Avenue, New York, New York 10019, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

56. Plaintiff Route 22 Nissan, Inc. d/b/a Route 22 Nissan is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 56 Route 22 East, Hillside, New Jersey 07205, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

57. Plaintiff Hudson Auto Sales, Inc. d/b/a Hudson Honda is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 6608 Kennedy Boulevard, West New York, New Jersey 07093, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

58. Plaintiff Route 22 Automobiles, Inc. d/b/a Route 22 Honda is a corporation organized and existing under the laws of the State of New Jersey with its principal place of

business located at 75 Route 22, Hillside, New Jersey 07205, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

59. Plaintiff Hackettstown Auto Sales, Inc. d/b/a Hackettstown Honda is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 48 Route 46 West, Hackettstown, New Jersey 07840, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

60. Plaintiff Route 22 Auto Sales, Inc. d/b/a Route 22 Toyota Scion is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 109 Route 22 West, Hillside, New Jersey 07205, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

61. Plaintiff Hillside Automotive, Inc. d/b/a Route 22 Kia is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 399 Route 22 West, Hillside, New Jersey 07205, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

62. Plaintiff Westchester Foreign Autos, Inc. d/b/a Westchester Toyota/Scion is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 2167 Central Park Avenue, Yonkers, New York 10710, engaged in

the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

63. Plaintiff Skyline Automobiles Inc. d/b/a Toyota & Scion of Manhattan is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 645 11th Avenue, New York, New York 10036, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

64. Plaintiff Fordham Auto Sales, Inc. d/b/a Fordham Toyota is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 236 West Fordham Road, Bronx, New York 10468, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

65. Plaintiff Bay Ridge Motor Sales, Inc. d/b/a Bay Ridge Toyota Scion is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 6401 Sixth Avenue, Brooklyn, New York 11220, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

66. Plaintiff Hoffman of East Hartford, Inc. d/b/a Hoffman Used Car Superstore is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located at 650 Connecticut Boulevard, East Hartford, Connecticut 06109, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

67. Plaintiff C.S.I. Motors, Inc. d/b/a Pueblo Dodge Chrysler Jeep Ram is a corporation organized and existing under the laws of the State of Colorado with its principal place of business located at 2147 U.S. Highway 50 West, Pueblo. Colorado 81008, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

68. Plaintiff Fitz Motors, Inc. d/b/a Pueblo Toyota is a corporation organized and existing under the laws of the State of Colorado with its principal place of business located at 2125 U.S. Highway 50 West, Pueblo, Colorado 81008, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

69. Plaintiff Sendell Motors, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located at 5079 State Route 30, Greensburg, Pennsylvania 15601, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

70. Plaintiff Biener Auto Group, Inc. d/b/a Biener Audi is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 795 Northern Boulevard, Great Neck, New York 11021, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

71. Plaintiff Brentlinger Enterprises d/b/a MAG Audi is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 6335

Perimeter loop Road, Dublin, Ohio 43017, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

72. Plaintiff Brentlinger Enterprises d/b/a Bentley Columbus is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 6335 Perimeter loop Road, Dublin, Ohio 43017, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

73. Plaintiff Brentlinger Enterprises d/b/a Lamborghini Ohio is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 6335 Perimeter loop Road, Dublin, Ohio 43017, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

74. Plaintiff Brentlinger Enterprises d/b/a MAG BMW is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 5016 Post Road, Dublin, Ohio 43017, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

75. Plaintiff Brentlinger Enterprises d/b/a MAG Mini is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 5016 Post Road, Dublin, Ohio 43017, engaged in the business of buying and selling autos and trucks.

It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

76. Plaintiff Brentlinger Enterprises d/b/a Ferrari is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 50135 Post Road, Dublin, Ohio 43017, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

77. Plaintiff Brentlinger Enterprises d/b/a MAG Maserati is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 5035 Post Road, Dublin, Ohio 43017, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

78. Plaintiff Brentlinger Enterprises d/b/a Land Rover Dublin is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 6325 Perimeter loop Road, Dublin, Ohio 43017, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

79. Plaintiff Brentlinger Enterprises d/b/a MAG Aston Martin is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 6335 Perimeter loop Road, Dublin, Ohio 43017, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

80. Plaintiff Brentlinger Enterprises d/b/a MAG Porsche is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 6335 Perimeter loop Road, Dublin, Ohio 43017, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

81. Plaintiff Brentlinger Enterprises d/b/a MAG Lotus is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 6335 Perimeter loop Road, Dublin, Ohio 43017, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

82. Plaintiff Brentlinger Enterprises d/b/a Rolls Royce Motor Cars is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 6335 Perimeter loop Road, Dublin, Ohio 43017, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

83. Plaintiff Jim Soutar Dodge City, Incorporated d/b/a Soutar's Chrysler Dodge Jeep is a corporation organized and existing under the laws of the State of California with its principal place of business located at 631 West Main, Barstow, California 92311, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

84. Plaintiff Jim Soutar Dodge City, Incorporated d/b/a Soutar's Toyota is a corporation organized and existing under the laws of the State of California with its principal

place of business located at 631 West Main, Barstow, California 92311, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

85. Plaintiff Soutar's d/b/a Soutar's Ford is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1010 West Main, Barstow, California 92311, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

86. Plaintiff Soutar's d/b/a Soutar's Nissan is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1010 West Main, Barstow, California 92311, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

87. Plaintiff Elk Grove Toyota is a corporation organized and existing under the laws of the State of California with its principal place of business located at 9640 West Stockton Boulevard, Elk grove, California 95757, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

88. Plaintiff Wilson Imports, Inc. d/b/a Wilson Toyota is a corporation organized and existing under the laws of the State of Washington with its principal place of business located at 1100 Iowa Street, Bellingham, Washington 98225, engaged in the business of buying and selling

autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

89. Plaintiff Wilson Imports, Inc. d/b/a Wilson Mercedes Benz of Bellingham is a corporation organized and existing under the laws of the State of Washington with its principal place of business located at 1100 Iowa Street, Bellingham, Washington 98225, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

90. Plaintiff Simon Chevrolet-Buick, Ltd. is a corporation organized and existing under the laws of the State of Rhode Island with its principal place of business located at 114Fortin Drive, Woonsocket, Rhode Island 02895, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

91. Plaintiff Fitzgerald Motors, Inc. d/b/a Fitzgerald Auto Mall Countryside Subaru is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 27365 US Highway 19N, Clearwater, Florida 33761, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

92. Plaintiff Fitzgerald Motors, Inc. d/b/a Fitzgerald Auto Mall Countryside Hyundai is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 27419 US Highway 19N, Clearwater, Florida 33761, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

93. Plaintiff Fitzgerald Motors, Inc. d/b/a Fitzgerald Auto Mall Countryside North Chrysler Jeep is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 28253 US Highway 19N, Clearwater, Florida 33761, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

94. Plaintiff FOC, Inc. d/b/a Fitzgerald Auto Mall Annapolis West Street Mitsubishi is a corporation organized and existing under the laws of the State of Maryland with its principal place of business located at 1930 West Street, Annapolis, Maryland 21401, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

95. Plaintiff FOC, Inc. d/b/a Fitzgerald Auto Mall Annapolis West Street Mazda is a corporation organized and existing under the laws of the State of Maryland with its principal place of business located at 1930 West Street, Annapolis, Maryland 21401, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

96. Plaintiff FOC, Inc. d/b/a Fitzgerald Auto Mall Annapolis Hudson Street Cadillac is a corporation organized and existing under the laws of the State of Maryland with its principal place of business located at 34 Hudson Street, Annapolis, Maryland 21401, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

97. Plaintiff FOC, Inc. d/b/a Fitzgerald Auto Mall Annapolis Hudson Street Volkswagen is a corporation organized and existing under the laws of the State of Maryland with

its principal place of business located at 34 Hudson Street, Annapolis, Maryland 21401, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

98. Plaintiff Fitzgerald Automall, Inc. d/b/a Fitzgerald Auto Mall Frederick Baughmans Lane Cadillac is a corporation organized and existing under the laws of the State of with its principal place of business located at 114 Baughmans Lane, Frederick, Maryland 21702, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

99. Plaintiff Fitzgerald Automall, Inc. d/b/a Fitzgerald Auto Mall Frederick Baughmans Lane Mazda is a corporation organized and existing under the laws of the State of Maryland with its principal place of business located at 114 Baughmans Lane, Frederick, Maryland 21702, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

100. Plaintiff Fitzgerald Automall, Inc. d/b/a Fitzgerald Auto Mall Frederick Baughmans Lane Chevrolet is a corporation organized and existing under the laws of the State of Maryland with its principal place of business located at 114 Baughmans Lane, Frederick, Maryland 21702, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

101. Plaintiff Fitzgerald Automall, Inc. d/b/a Fitzgerald Auto Mall Frederick Baughmans Lane Volkswagen is a corporation organized and existing under the laws of the State

of Maryland with its principal place of business located at 114 Baughmans Lane, Frederick, Maryland 21702, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

102. Plaintiff Fitzgerald Lakeforest Motors, Inc. d/b/a Fitzgerald Auto Mall Lakeforest N. Frederick Ave Scion is a corporation organized and existing under the laws of the State of Maryland with its principal place of business located at 907 North Frederick Ave, Gaithersburg, Maryland 20879, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

103. Plaintiff Fitzgerald Lakeforest Motors, Inc. d/b/a Fitzgerald Auto Mall Lakeforest N. Frederick Ave Toyota is a corporation organized and existing under the laws of the State of Maryland with its principal place of business located at 907 North Frederick Ave, Gaithersburg, Maryland 20879, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

104. Plaintiff LFO, Inc. d/b/a Fitzgerald Auto Mall Lakeforest Russell Ave Hyundai is a corporation organized and existing under the laws of the State of Maryland with its principal place of business located at 904 Russell Avenue, Gaithersburg, Maryland 20879, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

105. Plaintiff LFO, Inc. /b/a Fitzgerald Auto Mall Lakeforest Russell Ave Subaru is a corporation organized and existing under the laws of the State of Maryland with its principal place of business located at 904 Russell Avenue, Gaithersburg, Maryland 20879, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

106. Plaintiff FALPM, Inc. Fitzgerald Auto Mall Lexington Park Chrysler Dodge Jeep Ram is a corporation organized and existing under the laws of the State of Maryland with its principal place of business located at 22231 Three Notch Road, Lexington, Maryland 20653, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

107. Plaintiff CDOHY, Inc. d/b/a Fitzgerald Auto Mall White Flint Hyundai is a corporation organized and existing under the laws of the State of Maryland with its principal place of business located at 11411 Rockville Pike, Rockville, Maryland 20852, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

108. Plaintiff FBI, Inc. d/b/a Fitzgerald Auto Mall White Flint Subaru is a corporation organized and existing under the laws of the State of Maryland with its principal place of business located at 11411 Rockville Pike, Rockville, Maryland 20852, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

109. Plaintiff FBI, Inc. d/b/a Fitzgerald Auto Mall White Flint Nicholson Buick – GMC is a corporation organized and existing under the laws of the State of Maryland with its

principal place of business located at 5501 Nicholson Lane, Rockville, Maryland 20852, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

110. Plaintiff Fitzgerald Motors, Inc. d/b/a Fitzgerald Auto Mall Chambersburg Nissan is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located at 1436 Lincoln Way East, Chambersburg, Pennsylvania 17202, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

111. Plaintiff Fitzgerald Motors, Inc. d/b/a Fitzgerald Auto Mall Chambersburg Toyota is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located at 1436 Lincoln Way East, Chambersburg, Pennsylvania 17202, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

112. Plaintiff Fitzgerald Motors, Inc. d/b/a Fitzgerald Auto Mall Chambersburg Scion is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located at 1436 Lincoln Way East, Chambersburg, Pennsylvania 17202, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

113. Plaintiff ADA Motors Inc. d/b/a Burien Toyota Scion is a corporation organized and existing under the laws of the State of Washington with its principal place of business located at 15025 First Avenue South, Burien, Washington 98148, engaged in the business of

buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

114. Plaintiff Burien Chevrolet, Inc. is a corporation organized and existing under the laws of the State of Washington with its principal place of business located at 14400 First Avenue, Burien, Washington 96168, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

115. Plaintiff Garber Delray, Inc. d/b/a Delray Buick GMC is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 2400 Federal Highway, Delray Beach, Florida 33484, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

116. Plaintiff Garber Ft. Pierce, Inc. is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 5255 South US Highway 1, Fort Pierce, Florida 34982, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

117. Plaintiff Garber CDJR, Inc. d/b/a Garber Chrysler Dodge Jeep Ram is a corporation organized and existing under the laws of the State of Michigan with its principal place of business located at 5330 Bay Road, Saginaw, Michigan 48604, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

118. Plaintiff Sunrise Chevrolet, Inc. is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 414 East North Avenue, Glendale Heights, Illinois 60139, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

119. Plaintiff Garber Buick-GMC Truck, Inc. is a corporation organized and existing under the laws of the State of Michigan with its principal place of business located at 5925 State Street, Saginaw, Michigan 48603, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

120. Plaintiff Garber Chevrolet, Inc. is a corporation organized and existing under the laws of the State of Michigan with its principal place of business located at 1700 North Saginaw Road, Midland, Michigan 48640, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

121. Plaintiff Garber Doral, Inc. f/k/a Garber Buick-Pontiac-GMC, Inc. is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 8447 Northwest 12th Avenue, Miami, Florida 33126, engaged in the business of buying and selling autos and trucks. It competes with TrueCar and TrueCar's affiliated dealers in sales of new and used automobiles to consumers.

122. Plaintiffs, individually and collectively, have suffered an injury to a commercial interest in sales or business reputation that was proximately caused by TrueCar's misrepresentations.

123. Defendant TrueCar is a Delaware corporation with its principal place of business located at 120 Broadway, Suite 200, Santa Monica, CA 90401. TrueCar purports to offer consumers a haggle-free and guaranteed automobile purchasing experience. TrueCar advertises its services in interstate commerce to consumers in New York and throughout the United States.

124. TrueCar's website advertises that it has more than 9,000 (nine thousand) affiliated automobile dealerships nationwide. It further advertises that "more than 500,000 TrueCar users bought their cars from TrueCar Certified Dealers." In its advertising and promotional materials, TrueCar refers to its affiliated dealers as its "Certified Dealer Network."

## JURISDICTION AND VENUE

125. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

126. This Court has personal jurisdiction over TrueCar by virtue of its transacting and doing business in this District and pursuant to N.Y. Civ. Prac. L. & R. § 302(a). TrueCar has transacted and done business in the State of New York and in this District and has disseminated its false advertising in the State of New York and in this District.

127. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in this District, including TrueCar's dissemination of false advertising in this District.

## FACTUAL BACKGROUND

128. Consumers' automobile purchasing methods and experiences have changed dramatically over the years. In the past, consumers had minimal access to critical purchasing information such as dealer profit margins, actual transaction costs, and inventory. The internet eventually provided consumers with access to additional information relevant to the new and used car purchasing experience. Third party websites such as Kelly Blue Book (www.kbb.com) and Edmunds.com published information that was previously under the exclusive control of automobile dealers. Consumers used these new sources of information to improve their bargaining position vis-à-vis automobile dealerships. Automobile dealerships realized that they needed to embrace the internet and allocate additional resources to remain competitive and relevant to consumers who shopped for vehicles online.

129. To appeal to online shoppers, automobile dealerships set up their own websites for advertising and promotional purposes. In addition, they used third-party websites such as Autotrader.com and Cars.com, which allowed dealers to post their inventory in ways that resembled their traditional television commercials and print advertisements. These thirdparties expend significant resources to drive consumer traffic to their websites by offering consumers one place to view vehicles offered for sale by multiple dealers.

130. The automobile sales industry is extremely competitive. However, independent consumer research shows that a significant majority of prospective automobile purchasers prefer a sales experience with little or no negotiation, or "haggling," over price.

131. TrueCar, through its advertising and promotional activities, targets consumers' affinity for online shopping and their general apprehensionsabout purchasing an automobile. In particular, TrueCar focuses on consumers' distaste for price negotiations by advertising and promoting itself as a provider of services that permit consumers to minimize or bypass

"haggling." To that end, TrueCar has advertised on its website (accessible at www.truecar.com) that "buying a car can be painful," so TrueCar "decided to reinvent it." TrueCar claims to have partnered with "like-minded dealers to address the primary stress point" for consumers, "the negotiation and haggling of price."

## TRUECAR'S ADVERTISING AND BUSINESS MODEL

132. TrueCar generates consumer traffic to its website, www.truecar.com, through a variety of ways, including television advertisements, print advertisements, and marketing relationships with other websites. TrueCar's website contains multiple advertising claims relating to its sales of automobiles through TrueCar's "Certified Dealer Network." A true and correct copy of pages downloaded from TrueCar's website is attached as **Exhibit A**.

133. In addition to its direct consumer advertising, TrueCar advertises and promotes its services to membership-based organizations such as the American Automobile Association ("AAA"), the United Services Automobile Association ("USAA"), American Express ("AMEX"), Government Employees Insurance Company ("GEICO"), and the National Rifle Association ("NRA"). TrueCar's services are advertised as a purported benefit to members of these organizations. Upon information and belief, the purported discounts available to membership-based organizations are the same purported discounts available to independent consumers who use TrueCar's services by visiting TrueCar's website accessible at www.truecar.com.

134. An online consumer visiting TrueCar's website can select vehicles of interest and research price savings purportedly available only to consumers purchasing vehicles through TrueCar and its affiliated dealerships. The consumer may select the year, brand, and model of interest, along with the color and trim level. TrueCar's website then provides a report to the consumer covering the selected vehicle. The report purports to show, among other things, the

factory invoice, an estimated loan payment, estimated savings versus the manufacturer's suggested retail price ("MSRP"), and an estimated price that the consumer will pay. TrueCar's website also displays a chart purportedly showing the average price paid, the MSRP, and an estimated price for the TrueCar consumer.

135. After displaying the reports and charts, TrueCar's website gives consumers theopportunity to "lock in" the listed "savings" through a "TrueCar Certified Dealer." The site then displays several TrueCar Certified Dealerspurportedly offering the vehicle at the advertised price, but does not disclose the dealers' identity. To obtain that information, the consumer must fill out and submit an online form that requires the consumer to provide his or her name, address, email address, and telephone number.

136. After the consumer provides his or her contact information, TrueCar reveals the name and contact information for each TrueCar Certified Dealer referenced in the preceding screen. Simultaneously, TrueCar sends the consumer's contact information to these dealerships, namely, its local "Certified Dealer Network" dealerships. The consumer may then download or print the TrueCar "Guaranteed Savings Certificate" for the selected vehicle from each of the TrueCar Certified Dealers presented by TrueCar. Depending on the applicable state law or regulation, TrueCar-affiliated dealerships either pay a fee to TrueCar for each lead that converts into a sale, or a monthly fee based on the number of vehicles sold by the dealer. Either way, TrueCar does not disclose these referral fees to consumers.

137. Consumers who have provided their contact information to TrueCar may also download or print a summary of the selected vehicle, purportedly showing the MSRP, the "Certified Dealer['s] MSRP Discount," the "TrueCar Estimate," and the "Estimated TrueCar Dealer Price."

138. Consumers who provide their contact information in response to prompts from TrueCar's website will be contacted by one or more TrueCar-affiliated automobile dealers. Within mere minutes of the consumer providing his or her contact information to TrueCar, the consumer may be contacted by multiple TrueCar Certified Dealers who will begin a bidding war to win the consumer's business. As a result, instead of taking the "haggling" out of car sales—as TrueCar advertises—TrueCar's business model facilitates and encourageshaggling. Through haggling with the consumer, TrueCar's Certified Dealers may offer prices different than those appearing on the so-called "Guaranteed Savings Certificate."In fact, the price ultimately paid by the consumer may be higher than the price advertised in TrueCar's "Guaranteed Savings Certificate."

139. A consumer who does not use TrueCar's services may be able to purchase the advertised vehicle for the same price or a lower price than the price depicted on TrueCar's "Guaranteed Savings Certificate." As a result, TrueCar's services, including its "Guaranteed Savings Certificate," do not guarantee any savings for the consumer. The consumer must negotiate, or haggle, with the TrueCar-affiliated dealer just as the consumer would negotiate with an automobile dealer in a traditional automobile purchasing scenario. TrueCar is merely a referral service providing customer leads to its affiliated automobile dealerships.

140. TrueCar's advertising and business practices have been investigated in multiple states. For example, in 2012, regulators in Virginia determined that TrueCar's affiliated dealers were violating state law by paying fees to TrueCar for leads that turned into sales. Similarly, TrueCar temporarily suspended its operations in Nebraska, Oklahoma, and Colorado in 2012 due to regulatory concerns relating to its advertising and business practices.

## TRUECAR'S LITERALLY FALSE OR MISLEADING ADVERTISING CLAIMS

### A. The No-Haggle Claim

141. TrueCar advertises that its customers can utilize TrueCar's services to purchase an automobile without haggling (hereafter, the "No-Haggle Claim"). These advertising claims include statements such as "No negotiation," and "No Surprises." See Exhibit A. TrueCar advertises that "Our TrueCar Certified Dealer Network believes in transparency so you can trust that everything is upfront and out in the open. No hidden costs or surprise fees. Ever." See Exhibit A. TrueCar's website advertises: "So we partnered with like-minded dealers to address the primary stress point – the negotiation and haggling of price." See Exhibit A.

142. The No-Haggle Claim is literally false with respect to TrueCar's services. It necessarily implies that a consumer can simply print or download the Guaranteed Savings Certificate, travel to the TrueCar-affiliated dealer, and drive away with that exact make and model at the quoted price. This is false. A consumer who provides his or her contact information to TrueCar—a necessary step for obtaining the Guaranteed Savings Certificate—will be contacted by multiple TrueCar-affiliated dealers who will instigate negotiations or "haggling" over price.

143. In the alternative, the No-Haggle Claim is misleading because it deceives consumers into believing that TrueCar's services will provide an automobile purchasing transaction that will not involve haggling over price. They do not.

144. By making the No-Haggle Claim in advertising, TrueCar has intentionally set out to deceive the public. TrueCar's No-Haggle Claim is a deliberate and egregious attempt to deceive the public regarding the nature, qualities, and characteristics of TrueCar's services.

145. The No-Haggle Claim has deceived or is likely to deceive a substantial number of consumers. Consumers exposed to TrueCar's No-Haggle Claim believe, or are likely to believe,

that they can purchase an automobile through TrueCar and its "Guaranteed Savings Certificate" without the negotiation or haggling typically associated with an automobile purchase. They cannot.

146. The No-Haggle Claim is material because it is likely to influence consumers' purchasing decisions. Haggling, or a lack of haggling, is an important consideration for consumers when purchasing an automobile. TrueCar's No-Haggle Claim misrepresents an inherent quality or characteristic of its services.

147. TrueCar has disseminated its literally false or misleading No-Haggle Claim in interstate commerce through its commercial advertising or promotion appearing in various formats, including but not limited to, its website and its television commercials.

148. Plaintiffs have been or are likely to be injured by TrueCar's No-Haggle Claim, either by direct diversion of sales to TrueCar and its affiliated dealers, or by lessening the goodwill associated with Plaintiffs' services.

149. TrueCar's advertising may include fine-print disclaimers in an attempt to provide cover for its No-Haggle Claim, but the disclaimers are insufficient to alleviate consumer deception and may violate applicable laws and regulations relating to disclaimers in the states where TrueCar disseminates its No-Haggle Claim.

**B. The Bait-and-Switch Advertising**

150. Consumers who provide their contact information in response to prompts from TrueCar's website may request a "Guaranteed Savings Certificate" indicating that a particular make and model is available at a particular price. However, the TrueCar-affiliated dealers who contact the requesting consumers may not have that particular make and model in their inventory. Instead, in those instances, the TrueCar dealer receiving the referral from TrueCar will attempt to sell the consumer a different vehicle that the dealer has in stock. This constitutes false advertising through a bait-and-switch advertising campaign, wherein consumers are lured to the TrueCar dealer believing that they will be able to purchase the advertised make and model at the advertised price, when in fact, they may be offered a different make and model (hereafter, the "Bait-and-Switch Advertising").

151. TrueCar's Bait-and-Switch Advertising is literally false with respect to TrueCar's services. It necessarily implies to the consumer that he or she can simply print or download the Guaranteed Savings Certificate, travel to the TrueCar-affiliated dealer, and drive away with that exact make and model at the quoted price. This is false. A consumer who provides his or her contact information to TrueCar—a necessary step for obtaining the Guaranteed Savings Certificate—may learn that the TrueCar dealer does not have that make and model in stock. Consequently, contrary to TrueCar's advertising, the requested vehicle may not be available. TrueCar fails to confirm the availability of the vehicle before advertising it to the consumer though TrueCar's Guaranteed Savings Certificate and related promotions.

152. In the alternative, the Bait-and-Switch Advertising is misleading because it deceives consumers into believing that TrueCar's services will guarantee the requested vehicle at the advertised price. They do not.

153. By conducting the Bait-and-Switch Advertising, TrueCar has intentionally set out to deceive the public. TrueCar's Bait-and-Switch Advertising is a deliberate and egregious attempt to deceive the public regarding the nature, qualities, and characteristics of TrueCar's services.

154. The Bait-and-Switch Advertising has deceived or is likely to deceive a substantial number of consumers. Consumers exposed to TrueCar's Bait-and-Switch Advertising believe, or are likely to believe, that they are guaranteed the ability to purchase the requested automobile through TrueCar at the advertised price. They are not.

155. The Bait-and-Switch Advertising is material because it is likely to influence consumers' purchasing decisions. The availability of an automobile is an important consideration for consumers when seeking a dealer and making a purchasing decision. TrueCar's Bait-and-Switch Advertising misrepresents an inherent quality or characteristic of its services.

156. TrueCar has disseminated its literally false or misleading Bait-and-Switch Advertising in interstate commerce through its commercial advertising or promotion appearing in various formats, including but not limited to, its website.

157. Plaintiffs have been or are likely to be injured by TrueCar's Bait-and-Switch Advertising either by direct diversion of sales to TrueCar and its affiliated dealers, or by lessening the goodwill associated with Plaintiffs' services.

158. TrueCar's advertising may include fine-print disclaimers in an attempt to provide cover for its Bait-and-Switch Advertising, but the disclaimers are insufficient to alleviate consumer deception and may violate applicable laws and regulations relating to bait-and-switch tactics in the states where TrueCar disseminates its Bait-and-Switch Advertising.

**C. The Factory Invoice Claim**

159. TrueCar's advertising includes pricing claimsrelating to a "factory invoice" price for new automobiles. See Exhibit A. "Factory invoice" is literally false or misleading in this context because it purports to show the dealer's cost for the automobile (hereafter, the "Factory Invoice Claim").

160. The Factory Invoice Claim is literally false with respect to TrueCar's services. It necessarily implies that the dealer paid the "factory invoice" price to purchase the vehicle from the manufacturer. TrueCaralso advertises a corresponding "TrueCar Price" that is lower than the "factory invoice" price. See Exhibit A. As a result, the consumer will believe that he or she is receiving an exceptional offer from TrueCar because he or she can purportedly purchase the automobile for less than the dealer paid by using TrueCar's services. This is false. The Factory Invoice Claim does not show the actual price that the TrueCar-affiliated dealer paid to the factory. The advertised "factory invoice" price does not include rebates, incentives, and other discounts provided by the manufacturer to the dealer.

161. In the alternative, the Factory Invoice Claim is misleading because it deceives consumers into believing that,by using TrueCar's services,consumers can purchase the automobile for less than the dealer paid. They cannot.

162. By making the Factory Invoice Claim in advertising, TrueCar has intentionally set out to deceive the public. TrueCar's Factory Invoice Claim is a deliberate and egregious attempt to deceive the public regarding the nature, qualities, and characteristics of TrueCar's services.

163. The Factory Invoice Claim has deceived or is likely to deceive a substantial number of consumers. Consumers exposed to TrueCar's Factory Invoice Claim believe, or are likely to believe, that they can purchase an automobile through TrueCar for less than the dealer paid. They cannot.

164. The Factory Invoice Claim is material because it is likely to influence consumers' purchasing decisions. Pricing, particularly dealer cost, is an important consideration for consumers when purchasing an automobile. TrueCar's Factory Invoice Claim misrepresents an inherent quality or characteristic of its services.

165. TrueCar has disseminated its literally false or misleading Factory Invoice Claim in interstate commerce through its commercial advertising or promotion appearing in various formats, including but not limited to, its website.

166. Plaintiffs have been or are likely to be injured by TrueCar's Factory Invoice Claim either by direct diversion of sales to TrueCar and its affiliated dealers, or by lessening the goodwill associated with Plaintiffs' services.

167. TrueCar's advertising may include fine-print disclaimers in an attempt to provide cover for its Factory Invoice Claim, but the disclaimers are insufficient to alleviate consumer deception and may violate applicable laws and regulations relating to factory invoice prices in the states where TrueCar disseminates its Factory Invoice Claim.

**D. The Financing Claim**

168. TrueCar's website advertises an "Estimated Loan Payment" for the particular make and model selected by the consumer (hereafter, the "Financing Claim"). However, the advertised financing terms are not available to all consumers. To receive financing, consumers must individually apply for and receive approval from a financing company. The final financial terms, including the monthly payment, will vary by consumer based on that consumer's credit rating and other factors. The Financing Claim appearing on TrueCar's website is literally false or misleading in this context because it purports to show the monthly payments that the consumer would pay.

169. The Financing Claim is literally false with respect to TrueCar's services.It necessarily implies that the consumer will pay the advertised monthly payment if he or she purchases that vehicle using TrueCar's services. This is false. The Financing Claim does not show the actual monthly payment that the consumer will pay for that vehicle.

170. In the alternative, the Financing Claim is misleading because it deceives consumers into believing that they will pay the advertised monthly payment if they purchase that vehicle using TrueCar's services. They will not.

171. By making the Financing Claim in advertising, TrueCar has intentionally set out to deceive the public. TrueCar's Financing Claim is a deliberate and egregious attempt to deceive the public regarding the nature, qualities, and characteristics of TrueCar's services.

172. The Financing Claim has deceived or is likely to deceive a substantial number of consumers. Consumers exposed to TrueCar's Financing Claim believe, or are likely to believe, that they can purchase the requested automobile under the financing terms advertised by TrueCar. They cannot.

173. The Financing Claim is material because it is likely to influence consumers' purchasing decisions. Financial terms, particularly the monthly payment, are an important consideration for consumers when purchasing an automobile. TrueCar's Financing Claim misrepresents an inherent quality or characteristic of its services.

174. TrueCar has disseminated its literally false or misleading Financing Claim in interstate commerce through its commercial advertising or promotion appearing in various formats, including but not limited to, its website.

175. Plaintiffs have been or are likely to be injured by TrueCar's Financing Claim either by direct diversion of sales to TrueCar and its affiliated dealers, or by lessening the goodwill associated with Plaintiffs' services.

176. TrueCar's advertising may include fine-print disclaimers in an attempt to provide cover for its Financing Claim, but the disclaimers are insufficient to alleviate consumer deception and may violate applicable laws and regulations relating to financing terms and disclaimers in the states where TrueCar disseminates its Financing Claim.

**E. The Transparency Claim**

177. TrueCar advertises: "No Surprises. Our TrueCar Certified Dealer Network believes in transparency so you can trust that everything is upfront and out in the open. No hidden costs or surprise fees. Ever." See Exhibit A. However, TrueCar's affiliated dealers pay fees to TrueCar for customer referrals. Specifically, TrueCar charges participating dealers $299 for every new vehicle and $399 for every used vehicle sold from a TrueCar price offer or dealership introduction. These are hiddenfees which are not disclosed to consumers. In addition, TrueCar's advertising fails to disclose to consumers that TrueCar will convey consumers' contact information to automobile dealers who will immediately, directly, and repeatedly solicit those consumers for business by email and telephone. TrueCar's advertising fails to disclose its true business model. Instead, it falsely advertises "No Surprises" and "transparency" (hereafter, the "Transparency Claim").

178. TrueCar's Transparency Claim advertising is literally false. It necessarily implies to the consumer that he or she is made aware of all aspects of the transaction, including costs, fees, and the nature of the purchasing process. This is false. TrueCar receives fees from TrueCar-affiliated dealers, which are factored into the consumers' alleged "Guaranteed Savings" prices, but those fees are not disclosed. Similarly, TrueCar's advertising does not disclose that

consumers will be contacted by TrueCar-affiliated dealers who will immediately begin negotiations or "haggling."

179. In the alternative, the Transparency Claim is misleading because it deceives consumers into believing that there will no hidden fees and no surprises in connection with the transaction. In fact, TrueCar's advertised services are not transparent because TrueCar does not disclose its hidden fees or the true nature of the TrueCar sales process.

180. By conducting the Transparency Claim advertising, TrueCar has intentionally set out to deceive the public. The Transparency Claim is a deliberate and egregious attempt to deceive the public regarding the nature, qualities, and characteristics of TrueCar's services.

181. The Transparency Claim has deceived or is likely to deceive a substantial number of consumers. Consumers exposed to TrueCar's Transparency Claim believe, or are likely to believe, that they are receiving the maximum price discount with no hidden fees and that they will have a haggle-free transaction. They are not.

182. The Transparency Claim is material because it is likely to influence consumers' purchasing decisions. Transparency in pricing and in the sales process is an important consideration for consumers when seeking a dealer and making a purchasing decision. TrueCar's Transparency Claim misrepresents an inherent quality or characteristic of its services.

183. TrueCar has disseminated its literally false or misleading Transparency Claim in interstate commerce through its commercial advertising or promotion appearing in various formats, including but not limited to, its website

184. Plaintiffs have been or are likely to be injured by TrueCar's Transparency Claim either by direct diversion of sales to TrueCar and its affiliated dealers, or by lessening the goodwill associated with Plaintiffs' services.

185. TrueCar's advertising may include fine-print disclaimers in an attempt to provide cover for its Transparency Claim, but the disclaimers are insufficient to alleviate consumer deception and may violate applicable laws and regulations requiring disclosure of every fee that goes into the price of a vehicle in the states where TrueCar disseminates its advertising.

**F. The Rebate Claim**

186. TrueCar advertises "Guaranteed Savings" that include discounts based on factory incentives and rebates (hereafter, the "Rebate Claims").

187. The Rebate Claim is literally false with respect to TrueCar's services. It necessarily implies that a consumer will be able to receive the full discount advertised by TrueCar. This is false. The Rebate Claim includes multiple cumulative discounts unavailable to a particular individual consumer, including but not limited to, military service rebates, recent college graduate rebates, first-time buyer rebates, customer loyalty rebates, and others. Consequently, the Rebate Claim does not show the actual rebate is available to a particular customer.

188. In the alternative, the Rebate Claim is misleading because it deceives consumers into believing that, by using TrueCar's services, consumers will qualify for the full rebate advertised by TrueCar. They will not.

189. By making the Rebate Claim in advertising, TrueCar has intentionally set out to deceive the public. TrueCar's Rebate Claim is a deliberate and egregious attempt to deceive the public regarding the nature, qualities, and characteristics of TrueCar's services.

190. The Rebate Claim has deceived or is likely to deceive a substantial number of consumers. Consumers exposed to TrueCar's Rebate Claim believe, or are likely to believe, that they can receive all of the advertised rebates and incentives by purchasing an automobile through TrueCar. They cannot.

191. The Rebate Claim is material because it is likely to influence consumers' purchasing decisions. Pricing, particularly rebates, is an important consideration for consumers when purchasing an automobile. TrueCar's Rebate Claim misrepresents an inherent quality or characteristic of its service.

192. TrueCar has disseminated its literally false or misleading Rebate Claim in interstate commerce through its commercial advertising or promotion appearing in various formats, including but not limited to, its website.

193. Plaintiffs have been or are likely to be injured by TrueCar's Rebate Claim either by direct diversion of sales to TrueCar and its affiliated dealers, or by lessening the goodwill associated with Plaintiffs' services.

194. TrueCar's advertising may include fine-print disclaimers in an attempt to provide cover for its Rebate Claim, but the disclaimers are insufficient to alleviate consumer deception and may violate applicable laws and regulations relating to disclosure of rebate pricing and incentives in the states where TrueCar disseminates its Rebate Claim.

## PLAINTIFFS' DAMAGES

195. Plaintiffs have been damaged as a direct and proximate result of TrueCar's false advertising and acts of unfair competition, including the No-Haggle Claim, the Bait-and-Switch Advertising, the Factory Invoice Claim, the Financing Claim, the Transparency Claim, and the Rebate Claim.

196. Among other injuries, Plaintiffs' damages caused by TrueCar's false advertising and unfair competition include lost sales because consumers were deceived into purchasing automobiles from TrueCar and its TrueCar-affiliated dealers; lost profits because Plaintiffs either lost sales to TrueCar and its TrueCar-affiliated dealers or were forced to offer additional discounts to match or exceed false or misleading prices and terms that TrueCar advertised to

consumers; and damage to Plaintiffs' goodwill and business reputation as a result of TrueCar's false or misleading advertising claims, which falsely convey to consumers that only TrueCar and its affiliated dealers will provide a favorable purchasing experience at a fair price.

197. Franchised new automobile dealerships focus on supporting customers within their immediate geographic area with quality sales work and stellar service, with a view toward building a strong reputation within the area closest to the dealership's facilities (i.e., a dealership's primary geographic or market area).

198. A disproportionally large percentage of all advertising and promotional activities undertaken by Plaintiffs are directed at consumers that work or reside within their immediate or primary geographic or market areas because, among other things, a disproportionally large percentage of all new vehicle sales made by franchised new automobile dealerships typically come from customers that work or reside within their immediate or primary geographic or market areas.

199. Plaintiffs, however, are severely impacted by the illegal advertising and promotional activities of TrueCar that enable TrueCar affiliated dealerships that are outside of Plaintiffs' primary geographic market areas to sell vehicles to customers that are within Plaintiffs' primary geographic or market areas. In conjunction with these lost sales, Plaintiffs also lose the opportunity to purchase trade-in vehicles that are a valuable source of income for Plaintiffs' businesses.

200. Through a combination of monthly reports entitled "Pump-In-Reports" received from automobile manufacturers and TrueCar's own business records, Plaintiffs can easily discern that amount of sales to customers within their geographic or primary market area that allegedly

originate from TrueCar affiliated dealerships located outside Plaintiffs' respective primary geographic or market areas.

201. The illegal advertising and promotional activities of TrueCar necessarily damages Plaintiffs and potentially renders their businesses unviable.

202. The loss of customer goodwill, and the destabilization of Plaintiffs as viable businesses, are injuries that cannot be remedied by monetary damages, and thus require preliminary and permanent injunctive relief, prohibiting TrueCar from continuing with its illegal advertising and promotional activities.

203. The losses sustained by Plaintiffs as a result of TrueCar's illegal advertising and promotional activities extend far beyond the mere loss of a percentage of total automobile sales.

204. A major component of new franchised automobile dealer's profits are national and local "objective based rewards," wherein dealers are given sales objectives for each month for the automobiles produced by their respective franchisor/manufacturer. If these objectives are met or exceeded, the dealer in question is entitled to receive substantial per unit bonuses from the manufacturer retroactive to the first unit sold and, conversely, if the objective is not met, then the dealer receives no incentive money at all.

205. Accordingly, as a result of TrueCar's illegal advertising and promotional activities, Plaintiffs fail to achieve various manufacturer objectives and do not receive substantial incentive monies.

206. In addition to the foregoing, franchised new automobile dealers maintain extremely high penetration rates concerning service for vehicles sold by the dealership. In this respect, each service customer typically averages more than one service visit per year.

207. Thus, to the extent that TrueCar affiliated dealerships that are outside of Plaintiffs' primary geographic or market areas sell vehicles to customers that are within Plaintiffs' primary geographic or market areas, Plaintiffs can reasonably anticipate the loss of multiple service customers and corresponding service visits per year.

208. As Plaintiffs' lost sales due to TrueCar's illegal advertising and promotional activities multiply over the years, Plaintiffs' losses to their Service Department business will grow exponentially as the cumulative effect of lost sales over the years will compound lost revenues in the Service Department.

209. TrueCar has been unjustly enriched as a result of its literally false or misleading advertising claims, all to the detriment of Plaintiffs.

**COUNT I – FALSE ADVERTISING**
**UNDER THE LANHAM ACT (15 U.S.C. § 1125(A)(1)(B))**

210. Plaintiffs repeat and reallege the allegations of Paragraphs 1-209 as if fully set forth herein.

211. As its first ground for relief, Plaintiffs claim false advertising under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

212. TrueCar's No-Haggle Claim, the Bait-and-Switch Advertising, the Factory Invoice Claim, the Financing Claim, the Transparency Claim, and the Rebate Claim are literally false. They misrepresent the nature, characteristics, or qualities of TrueCar's services.

213. In the alternative, the No-Haggle Claim, the Bait-and-Switch Advertising, the Factory Invoice Claim, the Financing Claim, the Transparency Claim, and the Rebate Claim are misleading because they deceptively misrepresent the nature, characteristics, or qualities of TrueCar's services.

214. By disseminating the No-Haggle Claim, the Bait-and-Switch Advertising, the Factory Invoice Claim, the Financing Claim, the Transparency Claim, and the Rebate Claimin commercial advertising or promotion, TrueCar has intentionally set out to deceive the public. TrueCar's No-Haggle Claim, Bait-and-Switch Advertising, Factory Invoice Claim, Financing Claim, Transparency Claim, and Rebate Claim are deliberate and egregious attempts to deceive the public regarding the nature, qualities, and characteristics of TrueCar's services.

215. The No-Haggle Claim, the Bait-and-Switch Advertising, the Factory Invoice Claim, the Financing Claim, the Transparency Claim, and the Rebate Claimhave deceived or are likely to deceive a substantial number of consumers.

216. The No-Haggle Claim, the Bait-and-Switch Advertising, the Factory Invoice Claim, the Financing Claim, the Transparency Claim, and the Rebate Claim are material because they are likely to influence consumers' purchasing decisions. They misrepresent inherent qualities or characteristics of TrueCar's services.

217. TrueCar has disseminated its literally false or misleading No-Haggle Claim, Bait-and-Switch Advertising, Factory Invoice Claim, Financing Claim, Transparency Claim, and Rebate Claimin interstate commerce through its commercial advertising or promotion appearing in various formats, including but not limited to, its interactive website.

218. Plaintiffs have been or are likely to be injured by TrueCar's No-Haggle Claim, Bait-and-Switch Advertising, Factory Invoice Claim, Financing Claim, Transparency Claim, and Rebate Claimby direct diversion of sales to TrueCar and its affiliated dealers, lost profits, or by lessening the goodwill associated with Plaintiffs' services.

219. TrueCar's acts of false advertising and unfair competition have caused irreparable injury to Plaintiffs and, unless restrained, will cause further irreparable injury, leaving Plaintiffs with no adequate remedy at law.

220. By reason of the foregoing, Plaintiffs are entitled to preliminary and permanent injunctive relief against TrueCar, restraining further acts of false advertising and unfair competition and requiring TrueCar to correct its false and misleading advertising claims. Plaintiffs are also entitled to recover damages caused by TrueCar's aforesaid acts in an amount to be determined at trial.

## COUNT II – UNFAIR COMPETITION UNDER NEW YORK COMMON LAW AND OTHER COMPARABLE STATE COMMON LAWS

221. Plaintiffs repeat and reallege the allegations of Paragraphs 1-220 as if fully set forth herein.

222. As its second ground for relief, Plaintiffs claim unfair competition under New York common law and the comparable unfair competition and deceptive practices commons laws of the other states in which TrueCar's advertising is disseminated.

223. Through the No-Haggle Claim, Bait-and-Switch Advertising, Factory Invoice Claim, Financing Claim, Transparency Claim, and Rebate Claim, TrueCar has made and is continuing to make false, deceptive, and misleading descriptions and misrepresentations of fact in commercial advertising and promotion, which misrepresent the nature, characteristics, and qualities of TrueCar's services.

224. These violations have injured and will continue to injure Plaintiffs and the public, causing deception, confusion, and damage in an amount that cannot presently be ascertained.

225. TrueCar's acts of false advertising and unfair competition have caused irreparable injury to Plaintiffs and, unless restrained, will cause further irreparable injury, leaving Plaintiffs with no adequate remedy at law.

226. The acts of TrueCar as described above constitute unfair competition in violation of Plaintiffs' rights under New York common law, as preserved by N.Y. Gen. Bus. Law § 360-o as well as the comparable unfair competition and deceptive practices commons laws of the other states in which TrueCar's advertising is disseminated.

227. By reason of the foregoing, Plaintiffs are entitled to recover damages, punitive damages and the reasonable attorneys' fees caused by TrueCar's aforesaid acts in an amount to be determined at trial.

## COUNT III – DECEPTIVE ACTS AND PRACTICES UNDER NEW YORK GENERAL BUSINESS LAW §§ 349-350 AND OTHER COMPARABLE STATE LAWS

228. Plaintiffs repeat and reallege the allegations of Paragraphs 1-227 as if fully set forth herein.

229. As its third ground for relief, Plaintiffs claim deceptive acts and practices and false advertising under New York General Business Law §§ 349-350 and the comparable unfair competition and deceptive acts and practices statutory laws of the other states in which TrueCar's advertising is disseminated.

230. TrueCar, in the conduct of its business, trade, and commerce, and in the furnishing of its services in the State of New York and other states, has made and is continuing to make, false, deceptive and misleading descriptions and representations of fact in commercial advertising and promotion, which misrepresent the nature, characteristics and qualities of TrueCar's and Plaintiffs' services and commercial activities.

231. These violations have injured and will continue to injure Plaintiffs and the public, causing deception, confusion and damage in an amount that cannot presently be ascertained.

232. TrueCar's acts of false advertising and unfair competition have caused irreparable injury to Plaintiffs and, unless restrained, will cause further irreparable injury, leaving Plaintiffs with no adequate remedy at law.

233. TrueCar's acts have significant ramifications for the public at large. Consumers are entitled to be able to rely upon accurate information in connection with automobile purchases—a significant and necessary expense for many consumers. Consumers relying upon TrueCar's false advertising claims will be confused and misled.

234. TrueCar's acts as described above constitute deceptive acts and practices and false advertising in violation of N.Y. Gen. Bus. Law §§ 349-350 and the comparable unfair competition and deceptive acts and practices laws of the other states in which the advertising is disseminated.

235. By reason of the foregoing, Plaintiffs are entitled to recover damages, punitive damages and the reasonable attorneys' fees caused by TrueCar's aforesaid acts in an amount to be determined at trial.

JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on all claims as to which a jury trial may be had.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request:

1. That TrueCar, its agents, officers, directors, servants, employees, attorneys, successors, companies and assigns, and all those in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

A. Disseminating in commerce the No-Haggle Claim, the Bait-and-Switch Advertising, the Factory Invoice Claim, the Financing Claim, the Transparency Claim, the Rebate Claim, or any other commercial advertising or promotional materials containing literally false or misleading descriptions and representations of material facts which misrepresent the nature, characteristics and qualities of TrueCar's or Plaintiffs' services;

B. doing any other act likely to unfairly affect consumers'automobile purchasingdecisions; and

C. unfairly competing with Plaintiffs in any manner whatsoever.

2. That, pursuant to 15 U.S.C. § 1118, TrueCar deliver up and destroy all commercial advertising or promotional materials containing literally false or misleading descriptions and representations of material facts which misrepresent the nature, characteristics and qualities of TrueCar's and Plaintiffs' services, including but not limited to, advertisements containing the No-Haggle Claim, the Bait-and-Switch Advertising, the Factory Invoice Claim, the Financing Claim, the Transparency Claim, and the Rebate Claim.

3. That Plaintiffsbe awarded monetary relief in excess of $250,000,000 (two-hundred fifty million dollars) and in an amount to be determined by the Court, including:

A. all profits received by TrueCar from sales and revenues of any kindmade as a result of its false and misleading representations of material facts which misrepresent the nature, characteristics and qualities of TrueCar's and Plaintiffs' services;

B. all damages sustained by Plaintiffs as a result of TrueCar's false advertising and acts of unfaircompetition, and that such damages be trebled; and

C. punitive damages and the reimbursement of reasonable attorneys' fees pursuant to both the common and statutory laws of the State of New York, and the common and/or statutory laws of any other state in which TrueCar's advertising is disseminated, in view of TrueCar's willful and malicious conduct.

4. That pursuant to 15 U.S.C. § 1116, TrueCar be directed to file with the Court and serve on Plaintiffs' counsel, within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which TrueCar has complied with the injunction.

5. That, because of the exceptional nature of this case resulting from TrueCar's deliberate conduct, this Court award to Plaintiffs reasonable attorneys' fees, costs and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117 and the law of the State of New York and other states' laws.

6. That Plaintiffs have such other and further relief as this court may deem just.

DATED: March 9, 2015

BELLAVIA BLATT & CROSSETT, PC

By:______________________

Leonard A. Bellavia
(lbellavia@dealerlaw.com)
Steven H. Blatt (sblatt@dealerlaw.com)
200 Old Country Road, Suite 400
Mineola, NY 11501
(516) 873-3000

*Attorneys for Plaintiffs*

# EXHIBIT A


TRUECar
TrueCar Certified Dealers
Dealers that are dedicated to transparency and provide Guaranteed Savings* on every new vehicle on the lot.
Select a Vehicle
Why use TrueCar to buy your next car?


TRUECar
No Surprises
Always know how much you should pay.
Select a Vehicle
Why use TrueCar to buy your next car?


TRUECar
Shop Used Cars
Have questions?
Sign In
Never Overpay
See what others paid. Have confidence that you got a fair price.
Select a Vehicle
Why use TrueCar to buy your next car?


TRUECar
Shop Used Cars
Have questions?
Sign In
Savings*
Buyers using TrueCar save an average of $3,221 off MSRP.**
Select a Vehicle
Why use TrueCar to buy your next car?

**Buying a car can be painful.** That's why we decided to reinvent it. We believe that car buying should be transparent and anxiety free. So we partnered with like-minded dealers to address the primary stress point – the negotiation and haggling of price.




How do we do this? It's simple. We show you what others paid for the car you are considering. That gives you confidence that TrueCar Certified Dealer prices are honest and fair. Then our dealers offer guaranteed savings to TrueCar customers for new vehicles in-stock and on the lot.

See what others paid. Get Guaranteed Savings*. Never overpay. It's really that simple.

Get Started »







## Information is Power

With TrueCar, you don't have to be an expert to be an expert. As a data company, we study millions of purchase transactions every year. We also monitor daily what people are paying for their cars. Within minutes, you can get upfront pricing information from TrueCar Certified Dealers and know how those prices compare to the current market. So you'll never overpay. That's a powerful feeling.

See what others paid »

## Removing surprises at the dealership

Uninformed car buyers can get burned in the sales process and end up with surprise fees and prices. By presenting pricing information upfront, TrueCar Certified Dealers eliminate the hidden surprises. TrueCar Certified Dealers are committed to truth and transparency in every aspect of how they treat you as their customer. It's a radically new way to buy a car. Connect with Certified Dealers »




"When I had purchased a car, it's this very rough salesy process. So you kind of walk in there with this mentality of 'I'm going to have to be aggressive and kind of pushy'... Using TrueCar, I've loosened up a bit and it's not as stressful. I simply printed my certificate and drove to the dealership. It made it so easy."

*Ryan M., Actual TrueCar User*





## TrueCar is growing

To date, over 9,000 Certified Dealers nationwide have joined us in our commitment to price transparency and a better way to buy a car. Since November 2013, more than 500,000 TrueCar users bought their cars from TrueCar Certified Dealers

AMERICAN EXPRESS · Allstate · USAA · PROGRESSIVE · TRUECar · GEICO · PENFED · ConsumerReports · USNews

Many of the world's most trusted brands, including USAA, Consumer Reports, and American Express, rely on us to deliver great car buying experiences for their members.

## Buyers using TrueCar save an average of $3,221 off MSRP.**



Select a Vehicle

TrueCar Certified Dealers provide an exemplary car buying service experience, as well as new 2013 and 2014 car pricing for the following makes:

| | | | | |
|---|---|---|---|---|
| Acura | Chrysler | Jaguar | Maserati | Smart |
| Alfa Romeo | Dodge | Jeep | Mazda | Subaru |
| Aston Martin | FIAT | Kia | Mercedes-Benz | Tesla |
| Audi | Ferrari | Lamborghini | Mitsubishi | Toyota |
| BMW | Ford | Land Rover | Nissan | Volkswagen |
| Bentley | GMC | Lexus | Porsche | Volvo |
| Buick | Honda | Lincoln | Ram | |
| Cadillac | Hyundai | Lotus | Rolls-Royce | |
| Chevrolet | Infiniti | MINI | Scion | |

TrueCar Certified Dealers also offer used cars. View used cars for sale.

Sell your car in 24 hours with the Sell My Car app App Store

| About Us | Products | Media | TrueCar Dealers | Join Us On |
|---|---|---|---|---|
| Who We Are | Used Cars for Sale | TrueCar Blog | Dealer Overview | |
| Contact Us | Local Pricing | Press | Become a TrueCar Dealer | |
| FAQs | ClearBook | View Latest Commercials | Dealer Council | |
| Jobs | Auto Insurance | Rate Your Experience | Dealer Portal Login | |
| Investor Relations | View Mobile Site | | | |

TRUSTe Norton SECURED